

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Leo Presnell
County Attorney
Gilmer, Texas

Dear Sir:

Opinion No. O-4546
Re: Validity of common school district election, two of the election officers being wives of teachers and the other being a substitute teacher.

In your letter of April 13, 1942, you outline the following facts:

"In a School Trustee election held in a common school district of this county on the first Saturday in April, the three persons holding the election were women, two of whom were wives of teachers in the school, and the other the wife of the janitor in the school. One of the wives of a teacher has served as substitute teacher in the school for a period of eleven weeks during this school term.

"There is no question as to the appointment of these women to hold the election, nor is there any question as to their not being qualified voters of the district, the question merely being based upon the close connections which they have with those operating and conducting the affairs of the school district."

You request our opinion as to whether the election so held was a valid one.

Article 2746, Revised Civil Statutes, provides:

"Said trustees shall appoint three (3) persons, qualified voters of the district, who shall hold such election and make returns thereof to said trustees within five (5) days after such election, and said persons shall receive as compensation for their services the sum of One Dollar ($1) each, to be paid out of the local funds of the school district where the election was held. . . If, at the time and place for holding such election, any or all of the persons so appointed to hold such election are absent or refuse to act, then the electors present may select of their number a person or persons to act in the place of those absent or refusing to act."

The above statute does not disqualify any of these persons as election officers. We refer to Article 2940, Revised Civil Statutes, which sets out certain disqualifications for election judges, clerks and supervisors. If that statute applies to common school district elections, a point which we do not find it necessary to decide, it would not render this election void. Certainly it would not disqualify the two against whom the only question raised is that their husbands are teachers in the school. Whether the substitute teacher is such an officer as would disqualify her under Article 2940 is still another point unnecessary to determine.

The case of Miller v. Tucker, 119 S. W. (2) 92, involved the contest of a local option election. We quote therefrom:

"Appellees' contention that the election was rendered invalid because J. Roy Lawson, the presiding officer, was at the same time mayor of Newton is also without merit. There was no showing or contention that the presence of Mr. Lawson as presiding officer in any way improperly affected the result of the election. No objection was made to Mr. Lawson serving. The election was fairly and honestly held and, so far as shown by the record, the votes were correctly counted and returns accurately made. Article 2940, Vernon's Ann. Civ. St., is directory only and an election is not vitiated by the fact that the election judge acting under the color of authority did not possess the required qualifications in the absence of a showing of fraud or misconduct. Hill v. Smithville Independent School Dist., Tex. Civ. App. 239 S. W. 987; Gayle v. Alexander, Tex. Civ. App. 75 S. W. (2) 706."

Supporting the same principle we cite: Hengatter v. Marshall, 70 S. W. (2) 285; Gayle v. Alexander 75 S. W. (2) 706; Deaver v. State, ex rel. Tripp, 66 S. W. 256.

In our opinion the election is not invalid under the circumstances which you relate.

Yours very truly

APPROVED APR. 24, 1942
s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

s/ Glenn R. Lewis

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN

By Glenn R. Lewis
Assistant

GRL:BT/ ldw